IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DARRELL DEAN SHARP,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, MERLE RAPH, LAURIE MCKINNON, DAN MINNIS, JOE COBLE, STEVE BULLOCK, TIM FOX, MONTANA CRIME VICTIM FUND, CCC, O.D.C, DEPARTMENT OF CORRECTIONS LEGAL UNIT, JUDICIAL STANDARDS COMMISSION, JODI RISEMONE, MONTANA HEALTH & SERVICES, BOB CUSTER, DAN FRANK, CUT BANK POLICE DEPARTMENT, TOM SIEFERT, JEFF SUNQUIST, TOOLE COUNTY POLICE and SHERIFF, CHIEF JUSTICES and JUSTICES OF THE MONTAN SUPREME COURT, AMERICAN CIVIL LIBERTIES UNION OF MONTANA, MIKE LAMEY, BOARD OF PARDON AND PAROLES, DONNA MATTOON, SENTENCE REVIEW PANEL JUDGES, PUBLIC DEFENDERS OFFICE, CAROLYN BROWN/CAROLYN BERKRAM, JUDGE BOB OLSON, WARDEN OF MONTANA STATE PRISON, WARDEN OF CCC, and the PRESIDENT OF CCC<br><br>    Defendants. | CV 13-0088-GF-DWM-RKS<br><br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**SYNOPSIS**

Plaintiff Darrell Sharp has filed a Motion for Reconsideration (Doc. 11) and

1

an Amended Complaint (Doc. 13). The Motion for Reconsideration asks the Court to reconsider its order requiring Mr. Sharp to amend his complaint without the assistance of counsel. That motion will be denied. The Amended Complaint consists of 104 pages of difficult to understand ramblings which fail to state a claim. As with the original complaint most of Mr. Sharp's claims are barred by the *Heck* doctrine and by the statute of limitations. To the extent he has named proper defendants who are not entitled to absolute immunity, he does not allege specific conduct by each defendant. Mr. Sharp was given detailed directions regarding the law and facts that he needed to present in his amended complaint. He ignored all advice provided and filed an amended complaint even more in violation of the rules than his initial filing. This matter should be dismissed.

## JURISDICTION

Mr. Sharp filed this action in federal court, in the Great Falls Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper, as he is incarcerated in and alleges wrongs committed in Toole County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned

to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Sharp is a prisoner proceeding in forma pauperis. His original Complaint was reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)B), 1915A. Pursuant to this review, the Court found that the Complaint failed to state a claim upon which relief might be granted, included claims barred by the *Heck* doctrine and by the statute of limitations, and named defendants entitled to immunity. Mr. Sharp filed an amended complaint on January 9, 2014. (Doc. 13.) The amended complaint suffers from all the problems that plagued the original complaint, and adds some more.

## MOTION FOR RECONSIDERATION

Local Rule 7.3(a) requires parties to obtain leave of court prior to filing any motion for reconsideration. Accordingly, the motion will be treated as a motion for leave to file a motion for reconsideration.

Local Rule 7.3(b) requires that motions for leave to file a motion for reconsideration must meet at least one of the following two criteria:

> (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, and
> (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
> (2) new material facts emerged or a change of law occurred after entry of the order.

Mr. Sharp has made no such showing. His current motion simply argues that he will not be able to adequately amend his complaint without the assistance of counsel. Mr. Sharp was given a detailed explanation of the standards of law which applied to his claims. He was instructed that he needed to provide the Court with just the factual basis of his claims, in light of the standards given. Mr. Sharp has demonstrated his ability to convey factual information to the Court, he just needed to do so in a manner that connected the named defendants to the claims he was bringing. He was provided a form for doing so that sets out the format for making his claims. The denial of counsel in a civil rights claim is not a denial of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The motion will be denied.

## AMENDED COMPLAINT

The standards and factual allegations were set forth in detail in the Court's prior Order. Mr. Sharp has failed to present any new or additional factual allegations in a comprehensible manner in his amended filing. Mr. Sharp's

amended complaint violates Rule 8 of the Federal Rules of Civil Procedure and fails to bring specific claims and factual allegations against specific defendants. Rule 8 sets forth the general rules of pleading and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, at 556 n. 3 (2007). The factual allegations necessary to make that showing "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Mr. Sharp filed 104 pages of nearly incomprehensible ramblings which fail to state a claim. He provided a list of 21 defendants but failed to make specific allegations against any of them.[1] He continues to bring claims based upon his

---

[1] The Court notes that Mr. Sharp has named the undersigned as a Defendant in his Amended Complaint. (Doc. 13-1 at 4.) Normally, when a judge is named as a defendant in a case to which he is assigned, the required action is to recuse oneself and have another judge decide the matter. § 455(b)(5)(i). However, "where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento County*, 2008 WL 2169447, at *3 (E.D.Cal., May 23, 2008), report and recommendation adopted by 2008 WL 3976873 (E.D.Cal., Aug. 21, 2008), aff'd 365 Fed.Appx. 57 (9th Cir. 2010); *see also United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him [in the context of scurrilous attacks]"). Aside from listing the undersigned as a defendant, Mr. Sharp makes no specific allegations against the undersigned. There is no basis for recusal.

criminal conviction, claims that as indicated in the Court's prior Order are barred by the *Heck* doctrine. *Heck v. Humphrey,* 512 U.S. 477 (1994). He continues to bring claims barred by the applicable statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).[1] He continues to name judges entitled to judicial immunity and prosecutors entitled to prosecutorial immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978)(judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409 (1976)(prosecutorial immunity). He continues to name individuals who are not state actors and who cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981).

Mr. Sharp's Amended Complaint focuses on his denial of access to the courts claims but he has still failed to connect these claims with any specific defendants. Moreover, as set forth in the Court's prior Order, the right to access the courts guarantees no particular methodology and there is certainly no obligation to provide a legal assistant. In addition, there is no right to effectively litigate claims. *Casey*, 518 U.S. at 354-55. Mr. Sharp's access to the courts claims fail to state a claim upon which relief may be granted.

---

[1] Mr. Sharp's argument that Defendants had notice of his claims in 2010 is insufficient to overcome the statute of limitations bar. Notice alone does not toll the statute of limitations. The action must actually be filed within the applicable statute of limitations. Mont. Code Ann. § 27-2-204. Mr. Sharp's case was not.

**CONCLUSION**

Mr. Sharp's allegations fail to state a claim upon which relief may be granted as set forth above and as set forth in the Order dated December 23, 2013 (Doc. 8). In addition, many of his claims are barred by the *Heck* doctrine, by the statute of limitations, by judicial immunity and by prosecutorial immunity. To the extent he has named proper defendants who are not entitled to absolute immunity he does not allege specific conduct by each defendant. Mr. Sharp was given an opportunity to correct these defects and he provided insufficient facts to establish a constitutional violation. Therefore, these defects could not be cured by further amendments and the case should be dismissed.

**A. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken

in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v.*

*Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A §1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327-DMS-AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. §1915(g).

In addition, even after an explanatory order allowing amendment, Mr. Sharp has failed to state a claim, his complaints violate Rule 8 of the Federal Rules of Civil Procedure, he names improper defendants, and many claims are barred by the applicable statute of limitations. The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

### C. Address Changes

At all times during the pendency of this action, Mr. Sharp SHALL

IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED:**

1. Mr. Sharp's Motion for Reconsideration (Doc. 11) is DENIED.

It is **RECOMMENDED:**

1. This matter should be dismissed. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Sharp failed to state a claim upon which relief may be granted and his claims are frivolous.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &**

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Sharp may file objections to these Findings and Recommendations within seventeen (17) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of January, 2014.

                                              */s/ Keith Strong*
                                              Keith Strong
                                              United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.