IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DARRELL DEAN SHARP,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | CV 13-0088-GF-DWM-RKS<br><br>**FILED**<br>ORDER JAN 27 2014<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

On January 9, 2014, Plaintiff Darrell Sharp submitted a document entitled "Notice of Appeal on Denying Motion for Appointment of Counsel." (Doc. 12.) On January 23, 2014, he filed untitled documents which contain objections to United States Magistrate Judge Strong's December 23, 2013 Order allowing Mr. Sharp to file an amended complaint. (Doc. 15.) On January 24, 2014, this Court received the following documents from the Ninth Circuit Court of Appeals: "Appeal to Dismissal of § 1983 Order to Amend Denying Motion for Council Notice of Appeal," "Notice of Appeal Motion for Appointment of Counsel," and "Notice of Appeal Montana State dismissal of Out-of-time Appeal denying Motion for Counsel." (Doc 16.) The Ninth Circuit appears to have received these documents from Mr. Sharp on January 10, 2014.

A party may appeal "final decisions of the district courts...." 28 U.S.C. §

1

1291. "A 'final decision' for purposes of § 1291 is a 'decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Duke Energy Trading and Marketing, LLC v. Davis, et al.*, 267 F.3d 1042, 1048 (9th Cir. 2001), *quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). As there has been no final order issued in this case, all of these documents have been construed as objections pursuant to Rule 72 of the Federal Rules of Civil Procedure. The Court will therefore, consider Mr. Sharp's objections and review Judge Strong's orders to determine if they are clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a).

United States Magistrate Judge Keith Strong denied Mr. Sharp's motion for appointment of counsel on the basis that the case was still in the prescreening process required by 28 U.S.C. §§ 1915(e)(2)B), 1915A. The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Judge Strong's ruling is not clearly erroneous.

Similarly, Judge Strong's Order permitting Mr. Sharp an opportunity to amend is complaint is not clearly erroneous. Judge Strong reviewed Mr. Sharp's claims in detail, provided Mr. Sharp with the legal standards applicable to his

claims, and gave Mr. Sharp an opportunity to amend. There has been no dismissal of Mr. Sharp's claims and Judge Strong's December 23, 2013 Order was not clearly erroneous.

Judge Strong has now issued Findings and Recommendations in which he recommends the dismissal of Mr. Sharp's claims. Mr. Sharp now has the opportunity to file objections, in this Court, to those Findings and Recommendations. Any such objections must be filed on or before February 10, 2014.

"The *Rooker--Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012).[1] Therefore, Mr. Sharp cannot appeal a decision of the Montana Supreme Court to either this Court or the Ninth Circuit Court of Appeals.

IT IS ORDERED that Mr. Sharp's Objections are denied.

Dated this 27th day of January, 2014.

Donald W. Molloy, District Judge
United States District Court

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

3