IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION



FILED
MAR 0 3 2014
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| DARRELL DEAN SHARP, | CV 13–88–GF–DWM |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, *et al.*, | |
| Defendants. | |

The Findings and Recommendations of United States Magistrate Judge Keith Strong are now before the Court. (Doc. 14.) Following his screening of Sharp's Complaint pursuant to 28 U.S.C. § 1915A, Judge Strong entered findings and recommends this matter be dismissed. (*Id.*) Sharp filed a Motion for Extension of Time, (Doc. 18), which the Court granted, (Doc. 19). When Sharp filed his Objections shortly thereafter, the Court vacated the extension and indicated it would consider the Objections submitted in due course. (*See* Docs. 20 & 21.) The following responsive papers filed by Mr. Sharp are considered as Objections to the pending Findings and Recommendations:

- Objection; Motion to Alter or Amend the Judgment; Motion for More Definite Statement; Motion for Judgment on the Pleadings (Doc. 18-1)

-1-

- Objection to Findings and Recommendation to denial of an appeal on good faith; Submitting evidence to show a denial of constitutional rights and reasons for evidentiary hearing (Doc. 20)
- Additional claims for relief (Doc. 20-1)
- Additional Claim II (Doc. 20-2)

As a prisoner proceeding *pro se* and *in forma pauperis*, Sharp's Complaint is subject to screening under 28 U.S.C. §§ 1915 & 1915A. The screening process requires the Court to dismiss the case if the Complaint is frivolous or malicious, the Complaint fails to state a claim upon which relief may be granted, or the Complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted, in accordance with Rule 12(b)(6), if it fails to satisfy the requirements of Rule 8(a)(2). Rule 8(a)(2) simply requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted this phrase in conjunction with Rule 12(b)(6) to mean that Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

However, the Supreme Court has relaxed pleading standards for *pro se* litigants. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted) (citing cf. Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice")).

With these standards in mind, the Court reviewed Judge Strong's Findings and Recommendations, and found no error. However, Mr. Sharp timely objected to Judge Strong's Findings and Recommendations. When a party objects to any portion of Findings and Recommendations issued by a Magistrate Judge, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). The Court notes that collectively Sharp's Objections appear to speak to Judge Strong's Findings and Recommendations in their entirety. For that reason, Judge Strong's Findings and Recommendations are reviewed *de novo* in their entirety and determined as follows.

Sharp's Amended Complaint proceeds under 42 U.S.C. § 1983. (*See* Doc. 13 at 2.) Judge Strong found his claims barred by the statute of limitations and the doctrine set forth in the United States Supreme Court's decision in *Heck v. Humphrey*. (Doc. 14 at 6.) There is a three-year statute of limitations applicable to cases brought under section 1983 in Montana. *Wilson v. Garcia.* 471 U.S. 261, 276 (1985); Mont. Code Ann. § 27–2–204(1). This matter was filed on October 25, 2013, so any claims arising prior to October 25, 2010 are barred by the three-year statute of limitations. Claims arising prior to October 25, 2010 are without basis in law and subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that a civil rights plaintiff asserting claims under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Claims challenging his conviction or sentence are without basis in law and subject to dismissal. Judge Strong also found Mr. Sharp's Amended Complaint names Defendants entitled to immunity. These claims are also subject to dismissal.

Arguments raised in Sharp's most recent filings are not responsive to the pending Findings and Recommendations. None of the specific findings or

recommendations are contested in Sharp's filings purporting to respond to Judge Strong's report. Judge Strong's report is well-reasoned and will be adopted in-full.

Consistent with binding precedent, Sharp was provided notice of the deficiencies of his Complaint and an opportunity to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citations omitted). Sharp did not meaningfully address the deficiencies cited in Judge Strong's Order on his original Complaint. (*See* Doc. 8.) His Objections similarly reiterate arguments that have been considered and rejected.

Claims 1-8 in Doc. 18-1 re-state challenges to Sharp's state conviction barred by the statute of limitations and *Heck*. Sharp was advised of these limitations in Judge Strong's Screening Order. (*See* Doc. 8 at 5-6, 14-15.) Claim 9 re-states concerns about access to the courts and relates a number of allegations about his access to research materials and other tools while incarcerated. These allegations were addressed and set aside in Judge Strong's Screening Order. (*See* Doc. 8 at 8-9, 16-17.) Allegations in Sharp's Motion for a More Definite Statement reiterate claims about his state conviction that are barred by *Heck* and the statute of limitations. (*See* Doc. 8 at 5-6, 14-15.)

Claims 1-43 in Doc. 20 re-state challenges to Sharp's state conviction

barred by the statute of limitations and *Heck*. Sharp was advised of these limitations in Judge Strong's Screening Order. (*See* Doc. 8 at 5-6, 14-15.) Claims regarding his right to appeal Judge Strong's Findings and Recommendations, (Doc. 20 at 14), were previously considered by the Court and set aside, (*see* Doc. 17 at 1-2). The annotated transcripts and other materials included with Doc. 20 are not responsive to Judge Strong's report. These materials relate to Sharp's previously considered and rejected challenge to his state conviction. They shed no new light on these claims and do not address the time-bar or binding precedent set forth in *Heck*.

Claims 1-5 and 7-15 of Sharp's Additional Claims for Relief, (*see* Doc. 20-1), are related to his challenge to his state conviction. Sharp was advised of the impropriety of bringing such a challenge in a § 1983 action in Judge Strong's Screening Order. (*See* Doc. 8 at 5-6, 14-15.) These claims are not responsive to the Screening Order or the Findings and Recommendations now before the Court. Claim 6 presented in Sharp's Additional Claims for Relief restate his challenge to a decision of the Montana Supreme Court that denied Sharp an out-of-time appeal. (*See* Doc. 20-1 at 1.) Sharp has been advised that the Court lacks jurisdiction to entertain this claim. (*See* Doc. 17 at 3.)

Claims 1-4 and 7 of Sharp's Additional Claim II, (*see* Doc. 20-2), are

related to his challenge to his state conviction. Sharp was advised of the improperty of bringing such a challenge in a § 1983 action in Judge Strong's Screening Order. (*See* Doc. 8 at 5-6, 14-15.) These claims are not responsive to the Screening Order or the Findings and Recommendations now before the Court. Claims 5 and 6 of his Additional Claim II, (*see* Doc. 20-2), assert that he is entitled to a hearing on the claims presented in this case. None of the claims presented in Sharp's most recent filings or his Second Amended Complaint have any reasonable basis in law and are therefore frivolous. *See Neitzke,* 490 U.S. at 325. His Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A hearing is not required to reach this determination.

IT IS ORDERED that Judge Strong's Findings and Recommendations, (Doc. 14), are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff Darrell Dean Sharp's Amended Complaint, (Doc. 13), is DISMISSED WITH PREJUDICE. The Clerk of Court shall close this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall ensure that the docket reflects the Court's certification that any appeal of this decision would not

be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A). The record makes plain that Mr. Sharp's Complaint is frivolous as it lacks any substance in law or fact.

IT IS FURTHER ORDERED that the Clerk of Court shall ensure that the docket reflects that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff Sharp failed to state a claim upon which relief may be granted and his claims are frivolous.

DATED this 3rd day of March, 2014.

_____
Donald W. Molloy, District Judge
United States District Court